IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRISON LEGAL NEWS a dba of and PRISONER'S LEGAL NEWS, a non-profit Washington corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>KIM CHESIRE, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 1:04-CV-173 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

      Plaintiff has moved for a protective order against the deposition in this district of two persons who are its "entire corporate staff ,"[1] while Defendants have moved to compel those depositions; to defer Defendants' response to Plaintiff's pending motion for summary judgment until those depositions are complete; and to allow Defendants additional time to file a motion for summary judgment.[2] Defendants are entitled to take the depositions and Defendants will have additional time to respond to the pending motion for summary judgment. Other relief sought is moot by an intervening order to extend fact discovery to November 30, 2005, and to extend the time for filing dispositive motions to December 29, 2005.[3]

---

[1]Plaintiff's Motion for Protective Order re: Deposition of Plaintiff at 2, docket no. 66, filed October 11, 2005.

[2]Docket no. 62, filed September 29, 2005.

[3]Order docket no. 67, filed October 13, 2005.

**Should Defendants be Permitted to Take Depositions Prior to Responding to the Pending Motion for Summary Judgment?**

The pending motion for summary judgment and related papers[4] raise issues that may develop in depositions of Plaintiff's representatives. Plaintiff points out[5] that Defendants have failed to support their motion with an affidavit as required by Fed. R. Civ. P. 56(f) to obtain relief under that provision.[6] But Defendants have not cited that provision, instead asking for a *stay* of the pending summary judgment motion as a part of Defendants' motion to compel discovery. The court has the power under Fed. R. Civ. P. 37(d) to "make such orders . . . as are just" in the event of a failure to appear pursuant to a notice of deposition. A stay of the response to the summary judgment motion until after the contemplated depositions is just.

---

[4]Docket nos. 55 and 56, filed September 16, 2005; docket nos. 52 and 53, filed September 14, 2005.

[5]Opposition Memorandum . . . . at 2 and 5, docket no. 69 , filed October 11, 2005.

[6]    Clearly, subdivision (f) must be read in conjunction with subdivision (e) of Rule 56, which requires that affidavits submitted by the party defending against a summary-judgment motion contain specific facts, admissible in evidence, from an affiant competent to testify, "showing that there is a genuine issue for trial." The two provisions are intended to be complementary. Consequently, when the movant has met the initial burden required for the granting of a summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f).

8A Wright, Miller & Marcus, Federal Practice and Procedure §2740.

**Should Defendants be Permitted to Specify Depositions of Two of Plaintiff's Representatives?**

Under Fed. R. Civ. P. 30(b)(6),[7] Defendants are entitled to take the deposition of the corporate Plaintiff, requiring it to designate a person or persons who are capable of testifying on designated topics. The designation of specific persons to testify is the right – and duty – of the Plaintiff corporation – "the organization so named" in the notice of deposition.[8] Therefore, Defendants' inclusion of persons' names in the notice is improper.

Plaintiff must, however, respond to the existing notice of deposition of Plaintiff by designating such persons as will competently "testify as to matters known or reasonably available to the organization." Thus, it may be that to adequately present Plaintiff's knowledge, designation of both individuals may be required. Or it may be that only one of the persons designated in the notice of deposition is able to adequately testify on each of the identified topics. Defendant is entitled to depose Plaintiff on all the topics, and Plaintiff is entitled to designate which persons will testify.

This does not leave Defendants unable to depose a person who the corporation does not designate. As the rule provides, a deposition notice directed to an organization and designation

---

[7] A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

[8]The "Notice of Depositions of Plaintiff" is Exhibit C to Defendants' Memorandum in Support of Motions to Stay, For Enlargement of Time, and To Compel Discovery, docket no. 63, filed September 29, 2005.

of a witness by that organization "does not preclude taking a deposition by any other procedure authorized in these rules."[9]  Therefore, "a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it . . . ."[10]  Officers, managing agents and directors may be compelled to appear by notice given to a corporate party.  "[T]he corporation is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear."[11]  But "an employee [not designated by the entity under Rule 30(b)(6)] is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear . . . ."[12]  Defendants have these means to obtain testimony of the other person named in the notice of Plaintiff's deposition if Plaintiff only designates one person to testify on Plaintiff's behalf on the designated topics.

**Should Depositions of Plaintiff's Representative(s) Take Place in Utah?**

Generally, plaintiffs are required to appear for deposition in the district the suit is pending, and this is true for officers of corporate plaintiffs.[13]  Plaintiff, however, cites authority that this court is

---

[9]Fed. R. Civ. P. 30(b)(6).

[10]Wright, Miller & Marcus,  Federal Practice and Procedure § 2103.

[11]*Id.*

[12]*Id.*

[13]8A Wright, Miller & Marcus, Federal Practice and Procedure § 2112.

> confronted with a tension between two general rules. One, that the plaintiff, having chosen the forum, should submit to oral examination within the district it has chosen. The other, that the deposition of a corporation by its agents and officers should be taken at its principal place of business. The latter general rule reflects a desire to avoid the transporting of business records.[14]

However, the cited case did not deal with the location of deposition of 30(b)(6) representatives but of persons the deposing party had *designated by name* in notices of depositions. Moreover, those persons were not officers, managing agents, and directors but "employees."[15]

There are reported cases in which plaintiffs were not required to appear for deposition in the district of filing but the facts of those cases are more extreme than those present here. In one, the plaintiff could not leave England without losing the right to seek political asylum there.[16] In another, the impecunious plaintiff was wheelchair bound, faced with traveling from his home in Minneapolis to New York by train. '[S]ince plaintiff has no artificial legs the only way he could travel to New York would be to have an attendant accompany him and carry him to and from a plane or train."[17] These cases may illustrate the extreme circumstances which will entirely excuse a plaintiff from appearing for deposition in the district of filing.

All the decisions cited are district court cases. The dearth of appellate decisions is probably because "[t]he trial court has great discretion in establishing the time and place of a

---

[14]*Harris Corp. v. Amperex Electronic Corp.*, No. 86 C 6338, 1987 WL 10989 *1, (N.D. Ill., May 8, 1987) (unpublished). Similarly, other cases cited by Plaintiff involved employee depositions (*Chris-Craft Indus. Products, Inc. v. Kuraray Co., Ltd.,*184 F.R.D. 605 (N.D.Ill. 1999)) or depositions of corporate defendant representatives (*Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362 (D.Conn. 2005); *O'Sullivan v. Rivera*, 229 F.R.D. 187 (D.N.M. 2004); *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492 (E.D.Pa. 2003).

[15]*Id*.

[16]*Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994).

[17]*Sullivan v. Southern Pac. Co.,* 7 F.R.D. 206, 207 (S.D.N.Y.1947).

deposition."[18]  An appellate court will reverse

> only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. A reviewing court should not substitute its judgment for that of a trial court. It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed.R.Civ.P. 26(c).[19]

Therefore, these cases only stand for the proposition that they represent rational thinking.

On review of all these principles, considering that this case was filed in Utah, that no extraordinary personal or financial hardships have been alleged, and that all counsel are present within this district, the depositions of designated corporate representatives and officers, managing agents, and directors will be taken in this district.  The deposition of "a person who is not a party or an officer of a party" will be taken no more than "100 miles from the place where that person resides, is employed or regularly transacts business in person."[20]

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for a protective order[21] is GRANTED IN PART in that Defendants' attempt to designate persons to testify on behalf of Plaintiff at Plaintiff's deposition is STRICKEN from the notice of deposition.

IT IS FURTHER ORDERED that Defendants' motion to compel depositions[22] is

---

[18]*In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987).

[19]*Id.*

[20]Fed. R. Civ. P. 45(c)(3)(A).

[21]Docket no. 66, filed October 11, 2005.

[22]Docket no. 62, filed September 29, 2005.

GRANTED IN PART in that

    a.    Within ten days, Plaintiff "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization."[23]

    b.    The deposition of Plaintiff shall take place in the District of Utah.

IT IS FURTHER ORDERED that Defendants' motion to stay[24] Defendants' response to Plaintiff's pending motion for summary judgment is GRANTED in that the response shall be due 20 days after the deposition of Plaintiff is transcribed and signed.

IT IS FURTHER ORDERED that Defendants' motion to extend[25] the time for filing dispositive motions is MOOT.

October 24, 2005.

                              BY THE COURT:

                              _____
                              David Nuffer
                              U.S. Magistrate Judge

---

[23] Fed. R. Civ. P. 30(b)(6).

[24] Docket no. 62, filed September 29, 2005.

[25] Docket no. 62, filed September 29, 2005.