IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRISON LEGAL NEWS a dba of and PRISONER'S LEGAL NEWS, a non-profit Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KIM CHESIRE, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No: 1:04-CV-173 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff has moved "to determine the sufficiency of the answers"[1] Defendants gave to two requests for admissions.  The requests were clear:

> PLAINTIFF, through counsel, BRIAN M. BARNARD and JAMES L. HARRIS, Sr., pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, requests that the defendant Cache County admit:
> A) The genuineness of the attached documents.
> B) The attached documents are what they purport to be, *i.e.,* copies of actual rules and regulations from three (3) jails in Utah and the Utah State Prison/Utah Department of Corrections in effect during the time periods indicated.[2]

The request went on to very specifically describe the rules and regulations which were attached, the period of their effectiveness, the GRAMA[3] requests by which they were received,

---

[1] Fed. R. Civ. P. 36(a).

[2] Plaintiff's Request for Admissions (Request for Admissions), attached as Exhibit 2 of Exhibit in Support of Motion to Determine Sufficiency of Answers to Plaintiff's Requests for Admissions (Motion Exhibits), docket no. 60, filed September 28, 2005.

[3] Government Records Access and Management Act, Utah Code Ann. §63-2-101 et. seq.

and other documents such as cover letters and receipts by which the documents were obtained.[4]
Any concern about the manner of delivery of the attachments to Defendants[5] has been resolved by the assembly of the attachments in the exhibits to this motion.

In response, Defendants only stated "For all four indicated copies of such rules and regulations, Defendants deny for lack of information."[6]

The response is insufficient because "[a]n answering party may not give lack of information . . . as a reason for failure to admit . . . unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit . . . ."[7]  Defendants failed to *say* that they made an inquiry

---

[4] 1) Selected Rules and Regulations from the **Utah State Prison** and/or **Utah Department of Corrections** with regard to their inmates' access to reading material, books, magazines and newspapers in effect in August 2004 and March 2005. A total of 94 pages exclusive of GRAMA request, cover sheets, transmittal letters, receipts, etc.
   2) Selected Rules and Regulations from the **Utah County Jail** with regard to its inmates' access to reading material, books, magazines and newspapers in effect in April 2005. A total of 28 pages exclusive of GRAMA request, cover sheets, transmittal letters, receipts, etc.
   3) Selected Rules and Regulations from the **Washington County** Jail with regard to its inmates' access to reading material, books, magazines and newspapers in effect in March 2005. A total of 59 pages exclusive of GRAMA request, cover sheets, transmittal letters, receipts, etc.
   4) Selected Rules and Regulations from the **Salt Lake County Jail** with regard to its inmates' access to reading material, books, magazines and newspapers in effect in March 2005. A total of 17 pages exclusive of GRAMA request, cover sheets, transmittal letters, receipts, etc.

Request for Admissions.

[5] Transcript of Meeting Between Counsel, August 26, 2005, Exhibit B to Memorandum in Support of Motion to Determine Sufficiency of Answers to Plaintiff's Requests for Admissions (Supporting Memorandum), docket no. 59, filed September 23, 2005.

[6] Defendants' Response to Plaintiff's Request for Admissions, attached as Exhibit A to Supporting Memorandum, docket no. 59, filed September 23, 2005.

[7] Fed. R. Civ. P. 36(a).

and they also failed to make the inquiry. A proper response would have stated an inquiry was made and would have also described the inquiry.[8]

The Defendants' lack of information would have been easily remedied by accepting the GRAMA requests and responses at face value, or by making independent inquiry. In a similar case, a party was asked to admit genuineness of documents which were not prepared or signed by him. The court held that the presence of "the name, address, and telephone number of a Certified Public Accountant on the heading of the document . . . *necessitate* an attempt to contact the CPA listed and verify the genuineness of that document."[9] The information requested is "reasonably within the power of the responding party"[10] if there is a lead to an authenticating source.

In their memorandum, Defendants state other objections. Having failed to state these objections in the discovery response, they are barred, but will be examined briefly.

- Defendants claim that "Plaintiff essentially seeks to have the Defendants authenticate jail and prison policies from the Salt Lake, Utah, and Washington County Jails and from the Utah State Prison."[11] This is not true. Plaintiff is seeking to have Defendant *admit* genuineness and authenticity, based on the generous information Plaintiff provided. These admissions are "designed to reduce trial time."[12]

---

[8] "[A] response is inadequate under Rule 36(a), [if] it fails to allege *and specify* any reasonable inquiry undertaken to obtain information which would enable plaintiff to admit or deny the admissions requested." *Han v. Food and Nutrition Service of U.S. Dept. of Agriculture,* 580 F.Supp. 1564, 1566 (D.C. N.J. 1984) (emphasis added).

[9] *Harris v. Oil Reclaiming Co., Ltd.,* 190 F.R.D. 674, 679 (D. Kan. 1999) (emphasis added).

[10] 7 Moore's Federal Practice §36.11 (3d ed. 1999).

[11] Memorandum in Opposition to Motion to Determine Sufficiency of Admissions (Opposition Memorandum) at 2, docket no. 83, filed November 7, 2005.

[12] Fed. R. Civ. P. 36 Advisory Committee Note on 1970 Amendments.

- Defendants claim these policies do not "relate in any way" to the issues in this case.[13] These policies may be relevant to the knowledge of Defendants or to the viability of alternative policies.

- Defendants claim that they "do not and cannot have personal knowledge regarding these facilities."[14] While it may be true that Defendants "do not" have knowledge, it is not true that they "cannot" obtain it by reasonable inquiry.

- Defendants' objection that "policies are constantly changing in correctional facilities and many times the practice precedes the written policy"[15] fails to recognize the specific time frames stated in the requests.

- Finally, Defendants object because the *requests* will "require Defendants to waste time and resources wading through several hundred pages of policies from four institutions and then to argue why these policies are not applicable to Cache County."[16] The requests, however, only require admission of authenticity.

Most importantly, the requests only seek to establish the genuineness and authenticity of documents which are accompanied by evidence of genuineness and authenticity. The requested facts *should* be established.

---

[13] Opposition Memorandum at 2-3.

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.* at 3-4.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to determine sufficiency of responses to requests for admissions is GRANTED.

IT IS FURTHER order that the requested admissions are, by reason of the insufficient response, deemed admitted.

November 14, 2005.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge