IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRISON LEGAL NEWS a dba of and PRISONER'S LEGAL NEWS, a non-profit Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KIM CHESIRE, et al.,<br><br>Defendants. | **ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Case No: 1:04-CV-173 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff has moved for a protective order[1] against the "deposition of plaintiff's Editor, Paul Wright, at Manchester, New Hampshire for November 29, 2005."[2] Objections include the following:

> It is "unreasonable to require travel of plaintiff's counsel of two thousand four hundred miles to take a 2 hour deposition."

> It is "unreasonable . . . to require a corporate employee to bring extensive corporate documents to Manchester, New Hampshire from Seattle, Washington . . . ."[3]

> "Defendants gave less than two weeks notice" of the deposition and did not clear the date with plaintiff's counsel.[4]

---

[1] Plaintiff's Second Motion for Protective Order re: Deposition of Plaintiff (Motion), dated November 21, 2005, not filed as of the date of this order

[2] Memorandum re: Plaintiff's Second Motion for Protective Order re: Deposition of Plaintiff (Supporting Memorandum) at 2, dated November 21, 2005, not filed as of the date of this order.

[3] Motion at 2.

[4] Supporting Memorandum at 3.

No subpoena has been served on Wright, and no witness fees have been tendered.[5]

The deponent assisted in preparation of answers to written interrogatories and has averred that his deposition answers would be much the same.[6]

Defendants' counsel failed to answers Plaintiff's counsel's inquiries regarding anticipated testimony that would be different from evidence already obtained.

The parties agree that the location of the deposition is approximately seventy five miles from the deponent's residence and the offices of the Plaintiff corporation in Brattleboro, Vermont.[7] Also, it is undisputed that this court has previously ordered that Defendants were entitled to take a 30(b)(6) deposition of Plaintiff and that Plaintiff designated someone other than the proposed deponent as its representative at the deposition.[8]

In that order, the magistrate judge stated:

Officers, managing agents and directors may be compelled to appear by notice given to a corporate party. "[T]he corporation is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear."[9]

By Plaintiff's statement, the deponent is the Editor of PLN and he is one of the two people comprising "the entire corporate staff of PLN."[10] He is the corporate representative . . . in

---

[5]Supporting Memorandum at 2.

[6]Affidavit of Paul Wright, attached as Exhibit D to Supporting Memorandum.

[7]Supporting Memorandum at 2.

[8]Memorandum Decision and Order at 4, docket no. 73, filed October 24, 2005. See also *Stone v. Morton Int'l., Inc.*, 170 F.R.D. 498, 500 (D. Utah 1997).

[9]*Id.*

[10]Plaintiff's Motion for Protective Order re: Deposition of Plaintiff at 2, docket no. 66, filed October 11, 2005.

charge of all of PLN's litigation."[11]  Therefore, no subpoena is required to secure his presence.

Further, the requirement of 14 days' advance notice only applies to witnesses who are *subpoenad* to attend.[12]  While that rule does not apply, the distance required for the deponent to travel from his home is less than the 100 mile limit imposed.[13]

That the deponent claims his answers to oral deposition would be the same as the answers to interrogatories subscribed by another person is no reason to deny Defendants the right to take the deposition.  Since the deponent is a different person and the discovery method is different, the deposition is not facially cumulative or unnecessary.  Similarly, Defendants' counsel is not required to state in advance the unique aspects of testimony that he has not yet taken.

Plaintiff claims that all the documents requested in the notice of deposition are in Seattle, Washington, and/or have been produced already.[14]  If the latter fact is true, then the additional burden of collecting and transporting will be relatively small.

Finally, Plaintiff's objection that it is unreasonable to require Plaintiff's counsel to travel to the deposition is really a problem of his own making.  Defendants originally wanted to take the depositions of Plaintiff's principals in this city, but Plaintiff resisted.   While the court ordered that depositions of "designated corporate representatives and officers, managing agents, and

---

[11] Defendants' Memorandum in Opposition to Plaintiff's Second Motion for a Protective Order at 4, dated November 23, 2005, not filed as of the date of this order.

[12] Fed R. Civ. P. 45(c)(2)(B).

[13] *Id.*

[14] Supporting Memorandum at 3.

directors will be taken in this district,"[15] Defendants have chosen to take this deposition in a location close to the deponent's residence, and that election will not be disturbed.

In light of the continuing difficulties in completing discovery, the time for Defendants' response to Plaintiff's pending motion for summary judgment shall be extended further.

## ORDER

IT IS HEREBY ORDERED that the motion for protective order is DENIED.

IT IS FURTHER ORDERED that Defendants' response to Plaintiff's pending motion for summary judgment shall be due 20 days after the depositions of Plaintiff and deponent Paul Wright are transcribed and signed.

November 23, 2005.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[15] Memorandum Decision and Order at 6.